UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VICTOR MANUEL PEREZ PEREZ, Petitioner, v. NEW YORK STATE DEPARTMENT OF TRANSPORTATION, et al., Respondents. | 25-CV-3178 (RA) ORDER |

RONNIE ABRAMS, United States District Judge:

Petitioner Victor Manuel Perez Perez ("Perez"), proceeding *pro se*, commenced this action by filing a "Petition for Writ of Mandamus" on April 12, 2025 against various Respondents. Dkt. 1. On May 5, 2025, this Court issued an order directing Perez to file a complaint with an original signature, pursuant to Federal Rule of Civil Procedure 11(a). Dkt. 5. Shortly thereafter, Perez filed an "Amended Petition," Dkt. 6, as well as a "Complaint for Writ of Mandamus," Dkt. 7, both bearing his original signature.

In the "Amended Petition," Dkt. 6, Perez seeks to compel Respondents to adjudicate his I-130 immigration application, which he alleges had been held by immigration authorities for over 180 days, causing him delay and frustration in violation of his due process rights. *Id.* ¶¶ 6–7, 12. In the "Complaint for Writ of Mandamus," Dkt. 7, he asserts that despite an initial approval from the New York State Department of Motor Vehicles ("DMV"), he "has been repeatedly denied the continuation of the licensing process by the DMV Driving Improvement Unit, without any valid justification." *Id.* ¶ 7. Perez seeks a writ of mandamus compelling the DMV Driving Improvement Unit to permit him to continue the process for obtaining his license. *Id.* at 4. Additionally, on June 4, 2025, he filed a "motion to expedite order for relief for injunctive relief and declaratory

judgment" against the "New York State Department of Driver Improvement," Dkt. 8.  The Court construes this motion to be seeking to expedite relief sought in the "Complaint for Writ of Mandamus" filed at Dkt. 7.

On July 1, 2025, the Court issued an order which explained to Perez why, as a matter of law, many of the Respondents named in the "Amended Petition," Dkt. 6, and the "Complaint for Writ of Mandamus," Dkt. 7, should be dismissed.[1]  Dkt. 15 (the "Order").  The letter directed Perez to either file a letter explaining why the Court should not dismiss the action as to those Respondents, or an amended petition naming only the United States Department of Homeland Security and the United States Citizenship and Immigration Services as respondents.  *Id.* at 3.

On the same day, shortly after the Order was docketed (and thus likely before Perez received notice of it), Perez filed a "Complaint for Declaratory and Injunctive Relief" against the New York State Department of Transportation ("DOT") and its officers for engaging in allegedly discriminatory practices against him by "unlawfully seizing his truck and issuing multiple, duplicate traffic tickets for the same alleged offenses, with the intent to suspend his commercial driver's license."  Dkt. 17 at 1.  On July 5, 2026, Perez filed a letter opposing the dismissal of the Respondents specified in the Order.  Dkt. 16.  In the letter, Perez argued, in conclusory fashion, that Respondents acted illegally, and that their dismissal would be premature and unjust.  *Id.* at 1. He did not, however, provide any explanation as to why these Respondents should not be dismissed for the legal reasons specified in the Order.  *Id.*

On July 7, 2025, Perez filed five new complaints, each consisting of a separate set of factual allegations against a separate set of Defendants.  *See* Dkt. 22–26.  In these new complaints, Perez

---

[1] Perez filed various petitions and complaints in this action.  Therefore, the Court uses Respondents and Defendants interchangeably to refer to the parties against whom Perez files claims.

no longer seeks a writ of mandamus, but rather various combinations of injunctive and declaratory relief, as well as damages. *See id.*

On July 9, 2025, the Court referred this action to Magistrate Judge Ona T. Wang for general pre-trial purposes and consideration of *sua sponte* dismissal. Dkt. 20. On February 11, 2026, Judge Wang issued a Report and Recommendation, Dkt. 30 (the "Report"), recommending that the Court dismiss Perez's complaints filed at Dkts. 17, 23–26 with prejudice. With respect to the complaint filed at Dkt. 22, the Report recommends that Perez be granted limited leave to amend. *Id.*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy [of a report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.*; *see also* Fed. R. Civ. P. 72(b). Where no timely objection has been made to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

The Report advised Perez that he would have fourteen days to file written objections, Report at 20, but he has not done so. Having conducted a careful review of the record and examined the Report for clear error, the Court adopts the majority of the Report. For the reasons stated in the Report and below, the Court rules as follows:

- The "Petition for Writ of Mandamus" filed at Dkt. 1 is dismissed because it was mooted by the "Amended Petition," Dkt. 6, and the "Complaint for Writ of Mandamus," Dkt. 7.

- The "Amended Petition" filed at Dkt. 6 is dismissed. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous

complaint *sua sponte* even when the plaintiff has paid the required filing fee."). This petition fails to state a claim because it lacks factual allegations as to how Respondents violated Perez's constitutional rights and why the alleged more than 180-day delay in the adjudication of his I-130 application was "undue." *See L.M. v. Johnson*, 150 F. Supp. 3d 202, 217 (E.D.N.Y. 2015) ("[C]ourts that have considered delays in the immigration context that far surpass the two-year delays alleged by Plaintiffs have rejected due process claims.") (collecting cases). To the extent Perez seeks for the Court to vacate the deportation and voluntary departure orders against him, Dkt. 6 ¶¶ 11,15, the Court lacks jurisdiction to do so. "[T]he courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion." *Adikov v. Mechkowski*, 2016 WL 3926469, at *1 (S.D.N.Y. July 18, 2016); *see also* 8 U.S.C. § 1252(a)(2)(D). Voluntary departure is a form of discretionary relief "in lieu of deportation," *Iouri v. Ashcroft*, 487 F.3d 76, 82 (2d Cir. 2007), 8 U.S.C. § 1229c, and the Court thus similarly lacks jurisdiction to review voluntary departure orders, 8 U.S.C. § 1252(a)(2)(B)(i) (stripping jurisdiction from courts except as provided by subsection (a)(2)(D) which applies only to courts of appeals). Perez is granted limited leave to amend his complaint to replead his claims against the United States of Homeland Security and the United States Citizenship and Immigration Servies for the delay in the adjudication of his I-130 application if he has a good faith legal basis to do so.

- The "Complaint for Writ of Mandamus" filed at Dkt. 7 is dismissed because it was amended by the complaint filed at Dkt. 25.

- The "motion to expedite order for relief for injunctive relief and declaratory judgment" filed at Dkt. 8 is denied.

4

- The "Complaint for Declaratory and Injunctive Relief" filed at Dkt. 17 is dismissed. For the reasons stated in the Report, Perez's claims against the DOT are dismissed with prejudice. Report at 13–14, 18–19. To the extent Perez intended to file claims against individual DOT officers, this complaint fails to state such a claim because it lacks sufficient factual allegations with respect to the conduct of any DOT officers upon which relief can be granted. Perez is granted limited leave to amend the complaint to replead his claims against individual DOT officers if he has a good faith legal basis to do so.

- The complaint filed at Dkt. 22 is dismissed. For the reasons stated above, the Court lacks jurisdiction to review Perez's deportation order.

- The complaints filed at Dkts 23–26 are dismissed with prejudice. *See e.g., Gomez v. New York State Dep't of Motor Vehicles*, 2019 WL 8886240, at \*3 (S.D.N.Y. Apr. 17, 2019) (dismissing claims against New York State Department of Motor Vehicles with prejudice because they are barred by the Eleventh Amendment); *Sawyer v. New York State Dep't of Transp.*, 2012 WL 86526, at \*1 (S.D.N.Y. Jan. 11, 2012) (dismissing claims against New York State Department of Transportation with prejudice because they are barred by the Eleventh Amendment); *Annan v. New York State Dep't of Motor Vehicles*, 662 F. App'x 85, 86 (2d Cir. 2016) (summary order) (affirming dismissal of claims barred by sovereign immunity without leave to amend).

Perez's failure to file timely objections to the Report precludes appellate review of any of the recommendations contained therein. He shall have thirty (30) days to file a single amended complaint consistent with the Court's ruling. He is again urged to consult with the City Bar Justice Center's clinic for *pro se* litigants if he seeks legal assistance (https://www.citybarjusticecenter.org/projects/federal-pro-selegal-assistance-project; (212) 382-

4794).  The Clerk of Court is respectfully directed to terminate the pending petition at Dkt. 7 and the pending motion at Dkt. 8, and to mail a copy of this order to Mr. Perez.

SO ORDERED.

Dated:      March 13, 2026
            New York, New York

_____
Ronnie Abrams
United States District Judge